UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *et al.*, | : : | |
| Plaintiffs, | : : | Civil Action No.:   19-2886 (RC) |
| v. | : : | Re Document No.:   5 |
| R. CRAIG LAWRENCE, *et al.*, | : : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

GRANTING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Xiu Jian Sun, who identifies as "The Spiritual Adam" and as a representative of the Church of Jesus Christ of Latter-Day Saints, filed this action *pro se* for trial with God's law against various Defendants, who include the former United States Attorney for the District of Columbia and past and present Assistant United States Attorneys for the District of Columbia. Defendants have now moved to dismiss the case, arguing that the Court lacks jurisdiction to hear Sun's claims and that Sun's complaint fails to state a claim upon which relief can be granted. For the reasons explained below, the Court agrees and grants the motion to dismiss.

## II. BACKGROUND

Sun has filed numerous suits in other courts over the past few years. *See, e.g.*, Mem. Op. and Order Granting Def.'s Mot. Dismiss, *Church of Jesus Christ of Latter-Day Saints v. Trump*, No. 18-cv-2820 (D.D.C. May 6, 2019), ECF No. 8, *aff'd sub nom. Sun v. Trump*, No. 19-5197, 2020 WL 873534 (D.C. Cir. Feb. 14, 2020) (dismissing complaint because it was "patently insubstantial" and did not plead a "discernible cause of action"); *Sun v. Secret Gang Org.:*

*OBAMA BARACK-Dog*, No. 17-1861, 2018 WL 4567164, at *1–3 (D.D.C. Sept. 24, 2018) (dismissing complaint because Sun "ha[d] not asserted any causes of action" or "stated a claim upon which relief can be granted"); Order Granting Mot. Dismiss, *Church of Jesus Christ of Latter-Day Saints v. Trump*, No. 17-cv-1787 (D.D.C. Dec. 13, 2017), ECF No. 6 (dismissing complaint for failure to comply with pleading requirements); *Sun v. N.Y. Office of Att'y Gen.*, No. 17-CV-5916, 2017 WL 4740811, at *1–3 (E.D.N.Y. Oct. 19, 2017) (dismissing complaint as frivolous and detailing similar cases filed by Sun in state and federal courts); *Sun v. United States*, 130 Fed. Cl. 569, 569–70, *aff'd*, 668 F. App'x 888 (Fed. Cir. 2016) (dismissing complaint because there was "no plausible cause of action")(mem.).  Sun's complaint here makes a variety of inscrutable religious allegations, quoting from "The Doctrine and Covenants" Compl. ¶¶ 3–4, ECF No. 1, and requesting "[t]rial with god's law" and a jury "to prevent insult and unfair behavior," *id.* ¶ 5.  Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.  *See* Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") at 1, ECF No. 5.  Sun has not responded to Defendants' Motion to Dismiss, despite the Court's issuance of a *Fox/Neal* order warning that a failure to do so could result in the matter being dismissed as conceded.[1]  *See* Fox-Neal Order, ECF No. 6.

### III. ANALYSIS

Defendants move to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  *See* Defs.' Mem. at 1.  Because Sun's complaint is unintelligible, the Court grants the motion.

---

[1] Plaintiff's failure to respond to the motion to dismiss provides grounds for dismissal of this case.  However, the Court focuses on the lack of subject matter jurisdiction and failure to state a claim.

2

### A. The Court Lacks Subject Matter Jurisdiction Over This Case

First, because Sun's complaint is patently insubstantial, the Court lacks subject matter jurisdiction over this case. "While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers," *pro se* plaintiffs retain the burden to establish that the Court has subject matter jurisdiction over their case. *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010). And, as relevant here, "a court may dismiss a case . . . for lack of subject matter jurisdiction if a complaint is 'patently insubstantial' and thus 'present[s] no federal question suitable for decision.'" *Shao v. Roberts*, No. 18-cv-1233, 2019 WL 249855, at *15 (D.D.C. Jan. 17, 2019) (second alteration in original) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)). "Declining to hear a claim because it is patently insubstantial is 'reserved for complaints resting on truly fanciful *factual* allegations,' while '*legally* deficient complaints' are still reserved for 12(b)(6) dismissals." *Id.* (quoting *Vasaturo*, 203 F. Supp. 3d at 44). "Thus, to meet this standard, 'claims [must] be flimsier than doubtful or questionable—they must be essentially fictitious.'" *Id.* (alteration in original, internal quotation marks omitted) (quoting *Vasaturo*, 203 F. Supp. 3d at 44). "'[E]ssentially fictitious' claims include 'bizarre conspiracy theories, any fantastic government manipulations of [the] will or mind, [and] any sort of supernatural intervention.'" *Id.* (alterations in original) (quoting *Vasaturo*, 203 F. Supp. 3d at 44).

Here, Sun's complaint is replete with disconnected and mostly incoherent religious messages, including allegations of supernatural intervention. *E.g.* Compl. ¶ 1 ("The Lord god of the hosts Jehovah, sent messenger through the angel answers to the defendants said: 'Livestock.'"); *id.* ¶ 2 ("The Lord god of hosts Jehovah, sent messenger through the angel answers to the defendants said: 'Secret gang organization.'"). This is the type of "patently

insubstantial" claim that warrants dismissal under Rule 12(b)(1). *See, e.g.*, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (noting that claims alleging "any sort of supernatural intervention" could be dismissed as patently insubstantial). The Court accordingly grants Defendants' motion to dismiss for lack of subject matter jurisdiction.

### B. Sun's Complaint Fails to State a Claim

Even if the Court had subject matter jurisdiction over this case, it would still grant the motion to dismiss because the complaint fails to state a claim. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). When deciding a motion to dismiss, "the Court must . . . 'treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Elec. Privacy Info. Ctr. v. IRS*, 261 F. Supp. 3d 1, 5 (D.D.C. 2017) (internal quotation marks omitted) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). But "a plaintiff must put forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Here, even assuming that the Court had subject matter jurisdiction over this case, it would dismiss it for failure to state a claim. While "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "*pro se* status does not render [a plaintiff] immune from pleading facts upon which a valid claim can rest," *In re Watson*,

910 F. Supp. 2d 142, 148 (D.D.C. 2012) (quoting *Watson v. United States*, No. 06:716C, 2007 WL 5171595, at *3 (Fed. Cl. Jan. 26, 2007)).  And after a thorough examination and generous construction of Sun's complaint, the Court is unable to discern any plausible or colorable cause of action.  Indeed, Sun "has not asserted any causes of action or sought any specific relief, " *Sun*, 2018 WL 4567164, at *3, beyond his requests for "[t]rial with god's law," a jury trial, and the appointment of an interpreter, Compl. ¶¶ 5–6.  Because the Court is left without a discernible cause of action, it must dismiss this case for failure to state a claim.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.

**SO ORDERED**.

Dated:  April 20, 2020                                                                                  RUDOLPH CONTRERAS
                                                                                                                          United States District Judge